# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                              CRIMINAL NO. 06-10319-JLT

DAMIAN BUSH,
    Defendant/Petitioner.

## *REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. §2255 (#48)*

COLLINGS, U.S.M.J.

    I RECOMMEND that the Motion Under 28 U.S.C. § 2255 (#48) ("the 2255 Motion") be DENIED and that Judgment enter accordingly.

    When the 2255 Motion was filed the defendant/petitioner (hereinafter, "Bush") asked for "...permission to file a memorandum of law in support of [the] motion [which would] contain all of the procedural history and relevant facts and information...". (#48) A formal motion for leave to file a memorandum of law was submitted. *See* #52. The Court allowed the motion on October 28, 2008 granting Bush until December 29, 2008, a period of over

60 days, to file his memorandum. When he failed to do so, the Court, *sua sponte,* granted a further extension until February 1, 2009, noting that if nothing was filed, the Court would "...proceed to decide the case on the current record." *See* Electronic Order of January 13, 2009. Bush failed to file anything by February 1st; indeed, nothing has been filed to date.

However, the record does contain a Response of the United States to Defendant's Motion Under 28 U.S.C. § 2255 (#55) which was filed on October 22, 2009. This pleading demonstrates that all five grounds set forth in the 2255 Motion are devoid of merit. In a nutshell, Bush's attorney could not have been ineffective for not explaining the terms of a plea agreement because there was no agreement, there was no enhancement of Bush's sentence, there was no evidence to suppress since there was no search and seizure in the case, and there was nothing infirm about the plea colloquy, a transcript of which was attached to the Response, Etc. (#55). Lastly, the claim that Bush's attorney "unlawfully induced [him] to plead guilty" is not only unsupported by any evidence in the record but also is belied by Bush's statement at the plea colloquy that no one pressured him to get him to plead guilty. *See* Transcript of 6/25/2007 Hearing at p. 9.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection or objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 26, 2009.